IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| TERESA KAY ST. CLAIR, | ) | CASE NO. 06-70125 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| TERESA KAY ST. CLAIR | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Adversary Proceeding No. 11-07034 |
| v. | ) | |
| | ) | |
| JP MORGAN CHASE & CO., | ) | |
| WACHOVIA BANK NA, | ) | |
| WASHINGTON MUTUAL BANK NA, | ) | |
| SN SERVICING CORP., | ) | |
| QUANTUM SERVICING CORP., | ) | |
| AND | ) | |
| RUSHMORE LOAN | ) | |
| MANAGEMENT SERVICES LLC | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM DECISION**

The Debtor filed this adversary proceeding on August 9, 2011. By an Amended Complaint filed on October 14, 2012, she added Rushmore Loan Management Services, LLC ("Rushmore") as an additional party defendant. Rushmore has filed a Motion to Dismiss the Debtor's Amended Complaint. A hearing was held on the Motion to Dismiss and the Debtor's Response to that motion on April 22, 2013, at which counsel for Rushmore and the Debtor appeared and presented their arguments. This Court took the Motion to Dismiss under advisement. For the reasons set forth below, the Court will grant Rushmore's Motion to Dismiss as to such defendant.

FINDINGS OF FACT

The Debtor filed her bankruptcy petition on February 17, 2006. Her Chapter 13 Plan was confirmed by Order entered April 13, 2006. The Plan provided for the Debtor to make direct payments to Washington Mutual of $857 per month upon her residential mortgage loan and provided for the Trustee to cure an indicated arrearage of $8,000 at 0% interest over thirty-five months. Paragraph 11 of the Plan stated that the Debtor was to resume her mortgage payment in March 2006. On July 20, 2006 Wachovia Bank filed a Motion for Relief alleging failure to pay the June 1, 2006 payment and all payments thereafter with a total amount due of $117,269.19. At this early stage of the case some of the seeds for the confusion which has resulted concerning the status of the Debtor's mortgage loan may have been planted. In the style of the motion the filer identified itself as Wachovia Bank c/o Washington Mutual Bank, FA, but in the opening sentence of the text of the motion it stated that its identity was "Wachovia Bank, N.A., a National Banking Association, as Trustee for Long Beach Mortgage Loan Trust 2002-3 ('Movant')." In short, simply looking at the title of the motion one would be given the impression that Wachovia has brought the motion in its individual capacity, but the motion itself indicates instead that it has filed the motion in a representative capacity as trustee of a mortgage loan trust. On August 3, 2006 counsel for the Debtor responded stating that the allegations could neither be admitted or denied as counsel was unable to gather the information from the Debtor. A consent order resolving this motion was entered on September 1, 2006 requiring the Debtor to resume her regular payments and make six additional monthly payments to cure the arrearage. The order resolving the motion provided that cure payments were to be made to Wachovia Bank c/o Washington Mutual Bank, FA. It further provided that if she failed to fulfill those agreed

terms, the bank would be free to commence foreclosure proceedings if the Debtor failed to cure or otherwise respond to any notice of default within fifteen days of its filing. The moving party with respect to the Motion for Relief was represented by Howard N. Bierman, Esq,

On August 11, 2008 Eric D. White, Esq., on behalf of a different law firm, filed a notice of default with respect to the same mortgage loan alleging that the Debtor had failed to make thirty monthly payments and, with late charges, creating a purported arrearage of $28,987.10. Although the docket entry for this notice of default indicates that it was filed on behalf of Washington Mutual Bank, the notice itself instructed the Debtor to make cure payments to "Citi Residential Lending." The Debtor responded on August 22, 2008 stating that she disagreed that she was behind and that the mortgage company consistently mailed her payments back to her. She also indicated that she had money to send in response to the default notice. The notice of default was withdrawn by an agreed order entered December 15, 2008 which simply stated, "there being an agreement between counsel that no further Notice of Default shall be issued without a complete post petition payment history, it is ORDERED that the Notice of Default filed August 11, 2008 is hereby withdrawn."[1] There was no indication in the Order as to whether the Debtor had cured the alleged default referenced or made any payment upon it or conversely that no default even existed.

The Debtor filed her initial complaint on August 9, 2011, the day before the entry of the Debtor's order of discharge, naming JP Morgan Chase & Co.; Wachovia Bank, NA;

---

[1] The Movant in the caption of the agreed order was listed as "Wachovia Bank in care of Washington Mutual, by CitiGroup Global Markets Realty Corp. as Successors and Assigns."

Washington Mutual Bank, FA[2]; CitiResidential; CitiMortgage Inc.; SN Servicing Corporation; and Quantum Servicing Corporation as defendants. She alleged that "[a]ll of the various defendants are entities that have represented themselves to either hold the note secured by a deed of trust on the debtor's residence, or to be a servicing agent for the entity holding the note." The Complaint was intended to determine the validity, priority, and extent of the lien on the Debtor's residence. CitiMortgage, Inc., CitiResidential Lending, and Quantum Servicing Corporation filed answers. On April 30, 2012 a stipulation of dismissal of CitiMortgage and CitiResidential was entered. The Debtor filed a Motion to Amend the Complaint on October 3, 2012, which was granted the next day.

On October 14, 2012 the Debtor filed her Amended Complaint adding Rushmore as a defendant. The Amended Complaint alleged, among other things, that on June 15, 2012 the Debtor received a notice that servicing of the Note had been transferred to Rushmore. The Amended Complaint requests that the Court determine who holds the note, the validity and extent of any secured deed of trust, the current balance of the lien, and to disallow any unauthorized fees and unlawful interest charges, to award attorneys' fees and costs and for any other relief as is necessary and just. Rushmore filed an Answer to Debtor's Amended Complaint on February 6, 2013 and alleged a number of affirmative defenses. The most relevant affirmative defense to the motion before the Court is the First, that the Complaint fails to state a claim upon which relief can be granted and should be dismissed. Among other affirmative defenses raised by Rushmore are contentions that the Debtor's claims are not the result of the actions or inactions of Rushmore, but are the result of the actions or inactions of others, and that

---

[2] The name of the defendant was changed in the Amended Complaint to Washington Mutual Bank NA.

the Debtor's damages, if any, are the direct result of actions or omissions of the Debtor or third parties for whom Rushmore is not responsible.

Rushmore filed a Motion to Dismiss on March 19, 2013[3] with a Memorandum in support of the Motion and Exhibits A through I.[4] Rushmore filed the Motion on the basis that the Debtor failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(6) and Fed. R. Bnkr. Pro. 7012(b). Rushmore states that the Debtor requested several forms of declaratory relief which can be determined through recorded documentation. It then describes what it asserts to be a clear chain of record with regard to noteholders and servicers ending with Wells Fargo Bank as Trustee for the RMAC REMIC Trust, Series 2009-10, for which Rushmore is the servicer.[5] Rushmore also contends that the Debtor was advised on July

---

[3] No objection has been raised to the filing of this motion after the filing of Rushmore's Answer.

[4] A - Note, B - Deed of Trust, C - Assignment, D - Allonge, E - Assignment, F - Allonge, G - "Hello/Good-bye Letter," H - Payment History, and I - Payoff Statement.

[5] Rushmore's Motion to Dismiss sets out a chain of title as follows: The Debtor executed a Note and Deed of Trust to Long Beach Mortgage Company on or about May 21, 2002; on or about January 23, 2007 Washington Mutual Bank, the successor in interest to Long Beach Mortgage Company, assigned the Deed of Trust to CitiGroup Global Markets Realty Corp., Washington Mutual Bank, the successor in interest to Long Beach also executed an allonge endorsing the note in blank; on or about January 14, 2010 CitiGroup assigned its interest in the Deed of Trust to Wells Fargo Bank, N.A. solely in its capacity as Trustee for RMAC REMIC Trust, Series 2009-10, CitiGroup, as noteholder, also executed an allonge transferring ownership to Wells Fargo Bank solely as Trustee for the RMAC REMIC Trust, Series 2009-2010.
These transfers are not as clear in the record. On October 1, 2008, subsequent to the filing of the notice of default upon the mortgage loan and more than two years after the Debtor's plan was confirmed, the Debtor filed a secured proof of claim for $120,000 which included an asserted $8,000 arrearage on behalf of "CitiResidential, successor in interest to GMAC and Washington Mutual." On March 23, 2009 CitiMortgage, Inc. filed a notice of transfer of claim from CitiResidential Lending to CitiMortgage, Inc. On July 10, 2009 a notice of transfer was filed evidencing a transfer from CitiMortgage, Inc. to SN Servicing Corporation. On March 29, 2010 a notice of transfer was filed evidencing a transfer from CitiResidential [sic] to Quantum Servicing Corporation. There is no docketed notice of assignment from Washington Mutual to

10, 2012 as to both the owner and servicer by way of a so-called "hello/good-bye letter." As a result, Rushmore argues, there is no controversy for the Court to issue any declaration. With regard to unlawful fees and costs, Rushmore states that no factual basis has been set forth to determine any such fees were charged and that the Amended Complaint fails to allege any wrongdoing. Rushmore goes on to argue that it is implausible that the Debtor could have completed a sixty month Chapter 13 Plan and obtained a discharge without knowing the identity or terms of the Note and Deed of Trust on her residence.

On April 12, 2013 the Debtor filed a Response to Rushmore's Motion to Dismiss stating that a controversy does exist as to the amount of the balance, amount of the fees, and accrual of interest. The Debtor asserts that the pay history attached to Rushmore's Motion was not complete and missed payments from July 2, 2009 to May 31, 2010. The Debtor states that she has cancelled checks for the entire time period of the missing payment history. The Debtor also disputes the accrued interest and fees charged for noteholder/servicers' wrongful rejection of payments and asserts that review of the fees assessed during the pendency of her bankruptcy case falls within the jurisdiction of this Court.

---

CitiResidential Lending or from SN Servicing Corporation to Quantum Servicing Corporation. Similarly, there is no record of the transfer of ownership of the mortgage from Long Beach Mortgage Company to the Long Beach Mortgage Loan Trust or to the RMAC REMIC Trust, although Wells Fargo (successor to Wachovia Bank) is indicated to be the trustee of both such trusts. Complicating matters further is the way in which the parties were aligned in the motion for relief and the notice of default as already noted in the text of this Memorandum Decision. To repeat, on July 20, 2006 a motion for relief was filed which in the caption specified the moving party as Wachovia Bank c/o Washington Mutual Bank, FA, but in the opening sentence listed the Movant as Wachovia Bank as Trustee for Long Beach Mortgage Loan Trust. The Order resolving the motion required payments to be sent to Wachovia Bank c/o Washington Mutual Bank, FA. The docket entry for the notice of default filed on August 11, 2008 indicated that the party giving notice was Washington Mutual Bank, but the text of that notice instructed the Debtor to send her cure payments to CitiResidential Lending.

At the hearing on April 22, 2013 counsel for Rushmore argued that because the Debtor did not set forth specific disputed payments, she failed to state a claim upon which relief could be granted. Counsel for the Debtor contended that the Amended Complaint was properly pled and that the Debtor had set forth facts sufficient to survive the Motion to Dismiss. Counsel for Rushmore also asserted that because the missed payments would have occurred prior to when it began servicing the Note, Rushmore was not responsible. This matter is now ready for decision.

CONCLUSIONS OF LAW

This Court has jurisdiction of this bankruptcy case by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia.

The Amended Complaint alleges in paragraphs 2 and 3 that this Court has jurisdiction of this adversary proceeding under 28 U.S.C § 1334 and that it presents a "core" bankruptcy matter under 28 U.S.C. § 157(b)(2). As to these assertions Rushmore's Answer responds that each "asserts a legal conclusion to which no response is required, [but] to the extent a response is required, the facts and allegations contained in [these paragraphs] of the complaint are admitted." The Court will treat these statements as the consent of the parties to this Court's entry of a final judgment in this proceeding, subject of course to normal appeal rights.

In order to get past a motion to dismiss under Rule 12(b)(6), a plaintiff must

present "enough facts to state a claim to relief that is plausible on its face" and "[nudge] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard was further elucidated by the Supreme Court in *Ashcroft v. Iqbal*,[6] which required that a Court separate factual allegations from "threadbare recitals of the elements of a cause of action[.]" *Id.* at 678. Only factual allegations are entitled to the presumption of truth at this stage, such presumption is inapplicable to legal conclusions. *Id.* A number of decisions within the Fourth Circuit have analyzed the application of *Twombly* and *Iqbal* under a variety of circumstances. One such case is *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278 (4th Cir. 2012). The Court of Appeals set out that "[*Twombly* and *Iqbal*] require more specificity from complaints in federal civil cases than was heretofore the case." *Id.* at 288. In a later case decided the same year, that Court instructed that,

> Pursuant to *Twombly* and *Iqbal*, a complaint will survive a motion to dismiss only if it contains factual allegations in addition to legal conclusions. Factual allegations that are simply "labels and conclusions, and a formulaic recitation of the elements of a cause of action are not sufficient."

*Cook v. Howard*, 2012 WL 3634451 at *4 (4th Cir. Aug. 24, 2012) (quoting *Twombly*, 550 U.S. at 555). In an even more recent case, *U.S. v. Takeda Pharmaceuticals*,[7] the Fourth Circuit addressed an appeal from a district court's dismissal based on 12(b)(6). It affirmed the dismissal explaining,

> Facts that are "merely consistent with" liability do not establish a plausible claim to relief. In addition, although we must view the facts alleged in the light most favorable to the plaintiff, we will not accept "legal conclusions couched as facts or unwarranted inferences,

---

[6] 556 U.S. 663 (2009).

[7] 707 F.3d 451 (2013).

8

unreasonable conclusions, or arguments."

*Id*. at 455 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

The District Court for the Western District of Virginia granted a 12(b)(6) motion and dismissed the plaintiff's complaint regarding an alleged slip and fall with leave for the plaintiff to amend the complaint in the case of *Branham v. Dolgencorp, Inc.*, 2009 U.S. Dist. LEXIS 74816 (W.D. Va. Aug. 24, 2009). Dolgencorp argued that the plaintiff failed to allege sufficient facts and gave specific examples of such failings, "the Complaint lacks any allegation of how the Plaintiff slipped and fell, . . . the nature of the liquid, . . . that the liquid caused the Plaintiff's fall, and. . . the injuries she suffered as a result of the fall." *Id.* at *3. The District Court held, "[w]ithout such allegations, the Plaintiff cannot show that she has a 'right to relief above the speculative level.'" *Id.* at *5 (quoting *Twombly*, 550 U.S. at 555).

This Court has had a prior opportunity to address the issue of sufficiency of a complaint on a Rule 12(b)(6) motion in *Barber & Ross Co. v. Wachovia Bank Nat'l Ass'n (In re Barber & Ross Co.)*, 2010 Bankr. LEXIS 6293 (Bankr. W.D. Va. Apr. 5, 2010). This Court held that some of the causes of action were sufficiently pled while others failed, and concluded that,

> *Iqbal* holds that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," but clarifies that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Id.* at *28 (citing *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)).

DECISION

Based on the allegations set forth in the Amended Complaint the claims merely

appear conceivable. The allegations are factually sparse and resort to conclusory statements regarding the events that transpired. In the Amended Complaint the Debtor contends that Rushmore, as the current servicer, "must provide credit on the account for all payments made, but not credited." (Am. Compl. ¶27). There is no supporting allegation, however, of any contractual provision or other facts creating such a duty for any payments other than the ones it actually received. In short, it simply states a conclusion unsupported by any allegation of facts constituting the basis for such conclusion. The same might be said about the following paragraph (¶ 28) asserting that "Rushmore also bears responsibility for accounting for present balances and fees on the account and adjusting for any wrongful charges or fees that have been assessed." In the same vein the next paragraph of the Amended Complaint states,

> Since filing the case, the Plaintiff has continued to send her monthly mortgage payments. However, while some of the payments have been deposited towards her account, others have been returned to the Plaintiff.

(Am. Compl. ¶29). The Debtor fails to allege a number of facts which would provide some flesh to these bare bones, such as: whether she has sent in all of the required payments or only some of them, and if the latter be the case, which payments she has sent; the reason or reasons provided as to why payments were returned; whether the rejection of the returned payments was wrongful and, if so, why; which payments were accepted and which were returned; whether the Debtor had funds available in the bank for these payments to clear; and what efforts, if any, the Debtor made to return payments incorrectly refused, to challenge the reason(s) given for their non-acceptance or garner an explanation for their rejection. Such facts would make the Debtor's claim more plausible. The Amended Complaint makes reference to unpaid interest, fees and other charges on a payoff statement, but makes no allegation that the statement is incorrect, and

if so, in what respects. (Am. Compl. ¶30). The Debtor lists in the next paragraph that the payoff amount on the statement is "more than the Plaintiff-Debtor asserts she owed when the bankruptcy was filed." (Am. Compl. ¶31). Even if that is the case, however, the amount listed is not necessarily inconsistent with an accurate payoff statement, due to the accrual of unpaid interest, if payments were not made, accepted, or properly credited.

The Debtor goes on to state "it appears that not all the payments made by the Plaintiff have been credited." (Am. Compl. ¶32). No allegation has been made, however, as to specific payments that were accepted but not credited, or even that, on information and belief, the Debtor has made payments which have not been credited to the loan or otherwise accounted for. The Amended Complaint also alleges, "Further, the lien holders have been collecting escrow proceeds but it appears that they have not paid the real estate taxes on behalf of the Plaintiff." (Am. Compl. ¶33). This allegation seems to be at least somewhat inconsistent with the earlier contention that the payments were returned to the Debtor. In any event, it fails to set forth with any specificity the amounts paid over by the Debtor for the escrow account, the specific tax payments which ought to have been made but were not, and any resulting damages she thereby sustained. These types of particularized factual allegations, under the teaching of *Twombly* and *Iqbal* and their progeny, are necessary to "[nudge her] claims across the line from conceivable to plausible."[8]

Accordingly, the Court will sustain Rushmore's Motion to Dismiss, but will grant leave for the Plaintiff to file a further amended complaint. In doing so the Court will also grant leave to the Plaintiff to join as additional party defendants to this adversary proceeding Wells

---

[8] *See Twombly*, 550 U.S. at 570.

Fargo Bank, successor to Wachovia Bank, N.A., as Trustee for Long Beach Mortgage Loan Trust 2002-3 referenced in the Motion for Relief filed by Mr. Bierman, and also as Trustee for the RMAC REMIC Trust, Series 2009-10 referenced in the Motion to Dismiss. It does so because of some doubt that all of the necessary parties are before the Court even at this late date to accord complete relief as to what the current status of the mortgage loan is in light of Rushmore's contention that it is only responsible to provide an accounting of its own actions as servicer of the loan during the time it has acted in that capacity, which, if well taken, may mean that only the actual owner of the debt in question, whichever mortgage loan trust that may be, can be required to provide a full accounting of what payments have been applied to the mortgage loan balance.

An Order in accordance with this Memorandum Decision will be entered contemporaneously herewith.

DECIDED this 2nd day of May, 2013.

_William F. Stone, Jr._

UNITED STATES BANKRUPTCY JUDGE